THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN C. RESNICK,

    Plaintiff,

v.                            3:15-CV-233
                               (JUDGE MARIANI)
CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

## ORDER

AND NOW, THIS 29th DAY OF NOVEMBER, 2016, upon *de novo* review of Magistrate Judge Cohn's Report & Recommendation, (Doc. 19), Defendant's Objection thereto, (Doc. 20), Plaintiff's Response, (Doc. 21), and all other supporting and opposing briefs and documentation, **IT IS HEREBY ORDERED THAT**:

1. The Report & Recommendation ("R&R"), (Doc. 19), is **ADOPTED**, for the reasons discussed therein.

2. Defendant's Objection, (Doc. 20), is **OVERRULED**. Defendant raises a single objection, arguing that the ALJ was warranted in not crediting Dr. Royer's report because it was inconsistent with the longitudinal record and therefore the ALJ had no duty to develop the record further. (Doc. 20 at 4, 7). Here, in making his determination, the ALJ assigned little weight to the opinions and findings of Dr. Royer while assigning significant weight to Dr. Hower's evaluation. Dr. Hower's evaluation was based on a review of hospital records, treatment records from

Plaintiff's primary care physician, Plaintiff's self-reports, and a report from Plaintiff's mother. (R&R at 15). It did not involve any examination of Plaintiff, any independent tests, or any review of Ms. McDermott's—Plaintiff's therapist—treatment history with Plaintiff. (Doc. 10-3 at 74-93). In affording significant weight to Dr. Hower's evaluation, the ALJ reasoned that it was

> generally consistent with the claimant's reporting of generally mild symptoms that were improved with medication, the minimal mental health objective findings of generally average intelligence with attention difficulties, the conservative and routine treatment of medication that admittedly improved the symptoms and therapy sessions and claimant's daily activities and functioning abilities.

(Doc. 10-2 at 25). Dr. Royer's opinion, in contrast, was based on "a number of cognitive and psychological tests, and [constituted] the first substantive evaluation of Plaintiff based on observations made in person." (R&R at 26). In affording little weight to Dr. Royer's opinion the ALJ reasoned that

> Dr. Royer's own testing results do not document significant clinical signs or findings to support [his conclusions]. Neither does the claimant's generally mild reported symptoms, routine and conservative treatment of therapy sessions and medication that provided improvement, and the claimant's daily activities and functional abilities. Moreover, Dr. Royer based his opinion on a one-time examination.

(Doc. 10-2 at 26). Given the fact that (1) Dr. Hower is the only medical opinion that the ALJ relied on in coming to his conclusions, (Doc. 10-2 at 23-27), (2) Dr. Hower's opinion was based on records that did not contain larger portions of Plaintiff's mental health history, specifically his treatment records with Ms.

2

McDermott, (Doc. 10-3 at 74-93), (3) Dr. Royer made an in-person examination, a year after Dr. Hower's examination, based on several cognitive and psychological tests, (Doc. 10-10 at 477-485), and (4) Dr. Royer's opinion was consistent with the opinion of Dr. Baughman and consistent with Ms. McDermott treatment records, (Doc. 10-2 25-26), the Court finds that the ALJ erred in not adequately resolving the conflict in the evidence by more fully developing the record. See 20 C.F.R. § 404.1520b(c), 416.920b(c); Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). As Magistrate Judge Cohn pointed out, if Dr. Hower had additional information, specifically the testing results from Dr. Royer, it may have led Dr. Hower—the only credited medical opinion—to a different conclusion.

3. The Commissioner's decision is **VACATED**.

4. The case is **REMANDED** to an Administrative Law Judge for further proceedings consistent with this Order and the Report & Recommendation. In so remanding, this Court expresses no opinion with regards to the ultimate credibility findings the ALJ must make or as to the weight to be assigned to the submissions from experts whose opinions the ALJ may find to be in conflict.

5. The Clerk of Court is directed to **CLOSE** this case.

Robert D. Mariani
United States District Judge